UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANGELA REVERDES
    Plaintiff

CIVIL ACTION NO. CA 14-103 (ML)

v.

LAW OFFICES HOWARD LEE SCHIFF, P.C.
    Defendant

## MOTION TO DISMISS

Defendant, Law Offices Howard Lee Schiff, P.C., hereby moves to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a cause of action against the defendant, as more fully set forth in the accompanying Memorandum of Law in Support of this Motion to Dismiss.

        DEFENDANT LAW OFFICES HOWARD LEE SCHIFF P.C.

        /s/*Robert E. Johnson, Jr.*
        Robert E. Johnson, Jr. Bar # 5575
        Law Offices Howard Lee Schiff PC
        Its Attorneys
        10 Dorrance Street, Suite 515
        Providence, Rhode Island 02903
        Telephone (401) 861 3131
        Fax (401) 861 0246

May 21, 2014

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid on May 21, 2014 to the following counsel of record:

**PLAINTIFF'S COUNSEL**
JOHN LONGO
681 SMITH STREET, SUITE 201

PROVIDENCE, RI 02908

**PLAINTIFF'S COUNSEL**
PETER WASYLYK
1307 CHALKSTONE AVENUE
PROVIDENCE, RI  02908

/s/*Robert E. Johnson, Jr.*
Robert E. Johnson, Jr. Bar # 5575

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANGELA REVERDES                               CIVIL ACTION NO. CA 14-103 (ML)
   Plaintiff

v.

LAW OFFICES HOWARD LEE SCHIFF, P.C.
   Defendant

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, "the Schiff Law Office"], hereby submits the following Memorandum of Law in Support of its Motion to Dismiss plaintiff's Amended Complaint dated May 2, 2014[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

### I. BACKGROUND

Defendant, Schiff Law Office, located in East Hartford, Connecticut, is a firm which specializes in creditor's rights litigation. The firm takes pride in its efforts to fully comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* [hereinafter, "the Fair Debt Act"], as well as all other laws regulating this area of practice. Substantial time, efforts and resources are devoted to compliance issues, and we take our obligations under the Fair Debt Act, as well

---

[1] The original complaint filed by plaintiff include allegations that the Schiff Law Office added amounts to the debt it was seeking to collect without authorization in violation of the Fair Debt Collection Practices Act. Plaintiff's counsel apparently was unaware that a judgment had been entered against Ms. Reverdes, and the amounts sought by defendant to collect from Ms. Reverdes were only those amounts awarded by the Court at the time of judgment. Mr. Longo finally amended the complaint to delete these allegations since they were clearly unfounded.

as similar state laws, very seriously.

Plaintiff, Angela Reverdes, had a Target credit card which she opened in 2002, and subsequently in 2010, she defaulted on her obligation to make payments. The Schiff Law Office was asked to represent Target to collect the balance due of $5,860.91. An action was filed by the Schiff Law Office, resulting in a judgment in favor of Target on July 10, 2012.

The present action is a claim against the Schiff Law Office purportedly alleging a class action based allegations that the Schiff Law Office violated the FDCPA in the course of its efforts to collect a Target credit card debt in the sum of $5,860.91. Plaintiff's charge against the Schiff Law Office relates to a settlement letter wherein the Schiff Law Office provided notice to the consumer that if the amount forgiven equals or exceeds $600, "the IRS may require TARGET NATIONAL BANK to report the amount forgiven or cancelled on a Form 1099-c." **Exhibit 1.** According to the plaintiff, this letter was "false, deceptive and misleading" in violation of 15 U.S.C. §1692e(5) in that the Schiff Law Office did not further inform Ms. Reverdes that the 1099-C "is required to be issued only for principal forgiveness of $600.00 or more and not for interest forgiveness..." *Amended Complaint at ¶s 28, 38, 40.* Based upon this, plaintiff alleges that defendant threatened to take action which could not legally be taken in violation of 15 U.S.C. §1692e(8). *Id. at 42, 43.* Plaintiff further alleges that the defendant violated 15 U.S.C. §1692e(10) by using a "false, deceptive, or misleading representation or means in connection with the collection of any debt..." *Id. at ¶44.* It is further alleged that defendant violated 15 U.S.C. §1692f by employing an "unfair or unconscionable means to collect or

attempt to collect a debt."

Plaintiff's allegation makes no sense. The language clearly states that the IRS *may* require a 1099-c. Ms. Reverdes is simply alerted to the issue so that she might consult with her attorney or tax professional as to the possible impact a 1099-c might have on her if she settles the case. There is nothing false, unfair, deceptive or misleading about this statement. Indicating that there will be compliance with IRS regulations *if* they apply is not threatening, and no facts have been alleged here to demonstrate that this was in some way threatening to Ms. Reverdes personally.

In this case, the settlement offered--50% or 60% of the balance—would necessarily result in the forgiveness of more than $600 of principal, and therefore, if accepted could result in the issues of a 1099-C to Ms. Reverdes. The Schiff Law Firm does not issue any 1099-c to any consumers, and does not make a decision for its clients as to when a 1099-c will be issued. All that the defendant can do is alert Ms. Reverdes to one aspect of a settlement which may affect her. There is absolutely nothing "false, deceptive or misleading" or "threatening" about this statement.

## II  STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12b(6), the Court must accept all the facts pleaded as true and draw all inferences from those facts in the light most favorable to the nonmoving party. *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976); *Seveney*

*v. United States*, 550 F.Supp. 653, 655 (D.R.I.1982). If it appears beyond doubt from the pleadings that the party opposing the motion can prove no set of facts which would support a claim for relief, the motion to dismiss should be granted. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Melo-Tone Vending Inc. v. United States*, 666 F.2d 687, 688 (1st Cir.1981); *Newport National Bank v. United States*, 556 F.Supp. 94, 95 (D.R.I.1983).

The court, however, is not required to credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989) *quoting Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987)). Rule 12(b)(6) is forgiving, but it "is not entirely a toothless tiger." *Campagna v. Massachusetts Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1$^{st}$Cir. 2003) *quoting Dartmouth Review v. Dartmouth Coll.*, 889 F.2d at 16).

## III ARGUMENT

### A. The 1099-c Statement Is Clearly Not Misleading or Threatening.

Pursuant to the Internal Revenue Code, 26 U.S.C. § 6050P(a), "[a]ny applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall make a return (at such time and in such form as the Secretary may by regulations prescribe)...." This information reporting requirement allows the IRS to compare the amount of discharged debt reported by various institutions with the amount of discharged debt reported by individuals, since under 26 U.S.C. § 61(a)(12), gross income to be reported by individuals and

under certain circumstances taxed by the IRS includes "[i]ncome from discharge of indebtedness." *Debt Buyers' Association v. Snow, 481 F.Supp. 2d 1 (D.D.C. 2006).*

The operative language is that the IRS **may** require our client to report the forgiveness on a 1099-C. The Schiff Law Office does not report and does not undertake to give Ms. Reverdes legal advice as to whether this will in fact result in a 1099-c. At this point, the settlement is only being offered—and therefore, it is now known whether the settlement will result in a settlement which triggers the reporting requirement. As a result, the use of the word "may" in the letter is literally true and perfectly correct.

There is simply no authority for plaintiff's position that this is an inaccurate statement and/or violates the Fair Debt Act. The only case on the subject of an FDCPA violation based upon a settlement letter was one in which the letter explicitly stated that a 1099-c was in fact **required.** In *Wagner v. Client Services, Inc., Civil Action 08-5546 (E.D. Penn. 2009),* the settlement letter stated, "our client is **required** by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-c" (emphasis added). As a result, the Court held that further discovery was needed to determine whether in fact a 1099-c was required.

The present case is clearly different. Defendant clearly stated that a 1099-c *may* be required—it did not state that the 1099-c was required. As a result, there has been no misstatement of the law and no violation of the provisions of the FDCPA.

**B.     There Have Been No Violations of 15 U.S.C. §§1692e or 1692f.**

Plaintiff alleges that the Schiff Law Office violated the provisions of 15 U.S.C. §1692e(2), 1692e(5), 1692e(8) and 1692e(10) which provide as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(2)   The false representation of-

  (A)   the character, amount, or legal status of any debt; or

  (B)   any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

...

(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken.

...

(8)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

...

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In the present case, plaintiff has failed to allege a valid cause of action agaisnt the Schiff Law Office based upon claims that "amounts were added to the debt" or that there was *any false statement.* Moreover, there was nothing here which constitutes a *communication or threat of a communication* which is false.

8

Plaintiff further alleges that this conduct violated 15 U.S.C. §1692f. That section provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Again, there is no valid claim against the Schiff Law Office based upon these allegations.

## VI    CONCLUSION

Based upon the foregoing, none of the plaintiff's alleged violations of the Fair Debt Act must fail, and therefore, this Court must dismiss this case.

DEFENDANT LAW OFFICES HOWARD LEE SCHIFF P.C.

/s/*Robert E. Johnson, Jr.*
Robert E. Johnson, Jr. Bar # 5575
Law Offices Howard Lee Schiff PC
Its Attorneys
10 Dorrance Street, Suite 515
Providence, Rhode Island 02903
Telephone (401) 861 3131
Fax (401) 861 0246

May 21, 2014

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed,

postage prepaid on May 21, 2014 to the following counsel of record:

**PLAINTIFF'S COUNSEL**
JOHN LONGO
681 SMITH STREET, SUITE 201
PROVIDENCE, RI 02908

**PLAINTIFF'S COUNSEL**
PETER WASYLYK
1307 CHALKSTONE AVENUE
PROVIDENCE, RI  02908         /s/*Robert E.  Johnson, Jr.*
                              Robert E. Johnson, Jr. Bar # 5575

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

# EXHIBIT 1

LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
AUBURN, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

510 Tolland Street  POB 280245  East Hartford, Connecticut 06108
Telephone (860) 528-9991        Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

V31365                                              February 27, 2013
ANGELA J REVERDES
203 FRONT ST UNIT 22067

LINCOLN RI     02865


RE: TARGET NATIONAL BANK
DEBTOR: ANGELA J REVERDES
CN-V31365
CURRENT BALANCE DUE:  $7,476.60

Dear ANGELA J REVERDES

Your Tax return may help to settle this account. We have been authorized to offer you a lump sum settlement in this matter.
50% of the balance if paid by MARCH 15, 2013, or
60% of the balance if paid by MARCH 29, 2013.
If payment is not received within the required time or your payment does not clear, this offer will no longer be valid and you will be responsible for the full amount of your account balance. By so paying this NOW, the debt will be resolved as settled and satisfied.

Please call us at (866) 234-7606, weekdays from 8:30am to 8:30pm, to take advantage of this offer. Payment may also be made over the IVR at (866) 214-9942 or on our payment website WWW.PAYSCHIFF.COM. When you choose to make a payment with your bank account via the IVR system, you are authorizing Law Offices Howard Lee Schiff, PC to debit your bank account via ACH for the amount authorized towards payment of debt owed. As a result of this settlement, if the amount forgiven or cancelled on this debt equals or exceeds $600, the IRS may require
TARGET NATIONAL BANK to report the amount
forgiven or cancelled on a Form 1099-C.

Our office reserves the right to proceed with attempts to collect this debt during the pendency of the above offer of settlement.

Law Offices Howard Lee Schiff, P.C.


       THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
   THIS IS AN ATTEMPT TO COLLECT A CLAIM OR DEBT AND ANY
      INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
WX RI


           THIS COMMUNICATION IS FROM A DEBT COLLECTOR